lee, elmer edward v. state 







                     NO. 12-05-00291-CR
NO. 12-05-00292-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


LARRY D. LACY,                                               §     APPEAL FROM THE 3RD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     ANDERSON COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            These appeals are being dismissed for want of jurisdiction. Appellant pleaded guilty to
burglary of a habitation in two trial court cause numbers, and sentence was imposed on July 28,
2005. Thereafter, Appellant timely filed a motion for new trial in each case. Texas Rule of
Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within
thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial
is timely filed. Tex. R. App. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice
of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. 
Tex. R. App. P. 26.2(a)(2). Since Appellant timely filed a motion for new trial in each case, his
notices of appeal were due to have been filed on or before October 26, 2005. Although this court
has received information pertaining to each trial court cause number, Appellant did not file a notice
of appeal in either case. Moreover, Appellant did not file a timely motion for extension of time to
file his notice of appeal as authorized by Texas Rule of Appellate Procedure 26.3. 
            On December 1, 2005, this Court notified Appellant, pursuant to Rules 26.2 and 37.2, that
the clerk’s record did not show the jurisdiction of this Court, and it gave him until December 12,
2005 to correct the defect. However, Appellant has neither responded to our December 1 notice or
otherwise shown the jurisdiction of this court. Because this court has no authority to allow the late
filing of a notice of appeal except as provided by Rule 26.3, the appeals must be dismissed. See
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
            The appeals are dismissed for want of jurisdiction.
Opinion delivered December 14, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.




























(DO NOT PUBLISH)